1

NICHOLAS A. TRUTANICH
United States Attorney

2

Nevada Bar Number 13644
RACHEL L. KENT

3

Special Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100

4

Las Vegas, Nevada 89101
Tel: 702.388.6270/Fax: 702.388.6418

5

Rachel.Kent@usdoj.gov
*Attorneys for the United States*

6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

UNITED STATES OF AMERICA,                    Case No. 2:19-mj-770-NJK

9

          Plaintiff,                    **Plea Agreement**

10

    v.

11

DAISY JEANETTE DELGADO,

12

          Defendant.

13

    **1.**      **Defendant's Guilty Plea.**

14

          a.      Defendant  Daisy Jeanette Delgado shall plead guilty to **Count One** of

15

the Complaint – *Operating a Motor Vehicle while Under the Influence of Alcohol*, a violation of 36

16

C.F.R. § 4.23(a)(1), a Class B misdemeanor.

17

          b.      Withdrawal of Guilty Plea. The Defendant will not seek to withdraw her

18

guilty plea after she has entered it in court.

19

    **2.**      **Other Charges.** The United States Attorney's Office for the District of Nevada

20

("USAO") will dismiss **Count Two** of the Complaint – *Operating a Motor Vehicle with a BAC of 0.08*

21

*Grams or Higher*, a violation of 36 C.F.R. § 4.23(a)(2); **Count Three** – *Driving without a valid driver's*

22

*license*, a violation of 36 C.F.R. § 4.2(b); N.R.S. 483.550; and **Count Four** – *Open container of alcohol*

23

*in the vehicle*, a violation of  36 C.F.R. § 4.14(b), after sentencing.

24

**3.     Facts Supporting Plea Agreement.** The Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

On October 5, 2019, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area, Defendant Daisy Jeanette Delgado operated a vehicle with a Nevada License Plate Number AL0772. A National Park Service Rranger observed Defendant driving and nearly hit his marked patrol vehicle while turning into Longview Overlook from Lakeshore Drive. The ranger conducted a traffic stop. During the ensuing encounter, he smelled alcohol on her breath, that her speech was slow and slurred, and that she had difficulty removing her keys from the ignition. The ranger also observed an open, one quarter-full container of Modelo beer in the vehicle's center cupholder and an open twelve-pack of Modelo beer behind the driver's seat. A second ranger arrived and observed that Defendant smelled like alcohol, that her eyes were watery, that her speech was slurred and that she had difficulty enunciating, and that she had difficulty balancing. Defendant performed poorly on standardized field sobriety tests. Defendant had "Intoxilyzer 8000" breath test results of 0.257 grams and 0.244 grams of alcohol per 210 liters of breath respectively.

**4.     Sentencing.**

a.     The maximum penalty for **Count One** of the Complaint – *Operating a Motor Vehicle while Under the Influence of Alcohol*, a violation of 36 C.F.R. § 4.23(a)(1), a Class B misdemeanor, is six months of imprisonment, a fine of $5,000, or both.

b.     The Defendant acknowledges that the district court does not have to follow the recommendation of either party.

c.     The parties agree to jointly recommend that the Defendant shall be sentenced to unsupervised probation for a period of one year with special conditions, to include that:

i.      the Defendant pay a $1000 fine and a mandatory $10 penalty assessment;

ii.      the Defendant attend and complete the Lower Court Counseling's (1) DUI course and (2) Victim Impact Panel;

iii.      the Defendant be restricted from entering the Lake Mead National Recreation Area for a period of 6 months; and

iv.      the Defendant not violate any local, state, or federal laws.

d.      Should the Court sentence the Defendant as recommended in Section 4(c), the parties agree that if the Defendant successfully completes conditions i and ii, as specified in Section 4(c), within the first six months of her unsupervised probation, and has not violated any local, state, or federal laws during the first six months of her unsupervised probation, the parties shall jointly move to allow the Defendant to withdraw her guilty plea to Count One, and the Government will move to amend Count One to a charge of Reckless Driving, a violation of 36 CFR § 4.2 and N.R.S. 484B.653. The Defendant will plead guilty to the amended Count One, and the parties will jointly agree that the original sentence be applied to the Reckless Driving conviction. However, if during the first six months of her unsupervised probation the Defendant fails to complete conditions i and ii, as specified in Section 4(c), or violates any local, state, or federal law, then her conviction for Operating a Motor Vehicle while Under the Influence of Alcohol will remain in effect and the Defendant shall not seek to withdraw her guilty plea to Count One.

e.      Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

**5.      Waiver of Trial Rights.** The Defendant acknowledges that she has been advised and understands that by entering a plea of guilty she is waiving – that is, giving up – certain

rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the Defendant is giving up:

      a.      the right to persist in a plea of not guilty;

      b.      the right to proceed to trial by a federal judge;

      c.      the right to be represented by counsel—and if necessary have the court appoint counsel—at trial. The Defendant understands, however, that, the Defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

      d.      the right to be presumed innocent and to have the burden of proof placed on the USAO to prove the Defendant guilty beyond a reasonable doubt;

      e.      the right to confront the witnesses against the Defendant at such a trial and to cross-examine them;

      f.      the right to remain silent at such a trial, with assurance that her silence could not be used against him in any way;

      g.      the right to testify in her own defense at such a trial if she so chooses;

      h.      the right to compel witnesses to appear at such a trial and testify on the Defendant's behalf; and

      i.      the right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

      **6.**      **Appellate Waiver.** By entering into this agreement, the Defendant knowingly and expressly waives: (a) the right to appeal the sentence imposed by the Court that is the same or less than what the parties jointly agree to recommend in Section 4 of this agreement; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture. The Defendant also knowingly and expressly waives

4

all collateral challenges, including any claims under 28 U.S.C. § 2255, to her conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

      a.  Preservation of Evidence: the Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

      **7.**    **Result of withdrawal of guilty plea.** The Defendant agrees that if, after entering a guilty plea pursuant to this agreement, the Defendant seeks to withdraw and succeeds in withdrawing the Defendant's guilty plea on any basis other than a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of the Defendant's signing of this agreement and the filing commencing any such action; and (ii) the Defendant waives and gives up all defenses based on the statute of limitations or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of Defendant's signing this agreement.

      **8.**    **Plea agreement part of the guilty plea hearing.** The parties agree that this agreement will be considered part of the record of the Defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

      **9.**    **Removal / Deportation Consequences.** The Defendant understands and acknowledges that if she is not a United States citizen, then it is possible that she will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this agreement. The Defendant has also been advised if her conviction is for an offense described in 8 U.S.C. § 1101(a)(43), she will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future.

The Defendant desires to plead guilty regardless of any immigration consequences that may result from her guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The Defendant acknowledges that she has specifically discussed these removal / deportation consequences with her attorney.

**10.** **Knowing and voluntary plea.** The Defendant acknowledges that that she has read this agreement and the Defendant understands its terms and conditions. The Defendant further acknowledges that she has had (i) adequate time to discuss the terms of this agreement with her attorney; (ii) has carefully and thoroughly discussed the terms of this agreement with her attorney; (iii) understands the terms of this agreement and voluntarily agrees to them.

NICHOLAS A. TRUTANICH
United States Attorney

DATE 12/18/19

RACHEL L. KENT
Special Assistant United States Attorney

DATE 12/18/19

ROBERT O'BRIEN
Counsel for the Defendant

DATE 12/15/19

DAISY JEANETTE DELGADO
Defendant

6